UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CPM CORPORATION LIMITED,

       Plaintiff,

 - against -

ELFRA LTD. and SARNICO TRADING S.A.,

       Defendants.
------------------------------------------------------------X



07 Civ. 07336 (RJH)

ECF CASE

## AMENDED VERIFIED COMPLAINT

Plaintiff, CPM CORPORATION LIMITED ("CPM" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Amended Verified Complaint against the Defendants, ELFRA LTD. ("Elfra") and SARNICO TRADING S.A., ("Sarnico") (collectively referred to as "Defendants") alleges, upon information and belief, as follows:

 1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

 2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Hong Kong.

 3. Upon information and belief, Defendants were, and still are, foreign corporations, or other business entities organized and existing under foreign law.

 4. At all material times, Defendant Elfra was the Owner of the motor vessel "SEA POWER" (hereinafter the "Vessel").

 5. By a charter party dated July 14, 2006 Plaintiff chartered the Vessel from Elfra.

 6. Pursuant to the charter party, Plaintiff had a duty to pay hire to Elfra 15 days in advance.

7. During the course of the charter, Plaintiff overpaid hire to Elfra. *See hire statement annexed hereto as Exhibit "1."*

8. As a result of Elfra's breach of charter party contract, Plaintiff has sustained damages in the principal amount of $137,812.14, exclusive of interest, arbitration costs and attorneys fees.

9. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in Hong Kong with English Law to apply.

10. Despite due demand, Elfra has failed and/or refused to pay the sums due and owing to Plaintiff.

11. Thus, Plaintiff is preparing to commence arbitration proceedings on its claims.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | $137,812.14s |
| B. | Interest on claims:<br>3 years at 6.5%, compounded quarterly | $29,410.16 |
| C. | Estimated attorneys' fees and expenses: | $45,000.00 |
| D. | Estimated arbitration costs: | $25,000.00 |
| Total | | **$237,222.30** |

13. Upon information and belief, Elfra uses Sarnico as a "paying/receiving agent" or "pass through" entity such that it can insulate itself from creditors relating to its contracts.

14. It is not general practice in the maritime community, nor any where else, for independent companies to make or receive large payments on behalf of other independent companies.

2

15. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

16. Upon information and belief, Sarnico receives payments on Elfra's behalf where Sarnico has absolutely no contractual relationship to Elfra's creditors.

17. Upon information and belief, Plaintiff was instructed that all hire payments under the above charter party were to be made to Sarnico's account.

18. Pursuant to the instructions, Plaintiff sent eight payments to Sarnico for hire related the Elfra charter.

19. In the further alternative, Defendants are partners and/or joint venturers.

20. In the further alternative, Defendants are affiliated companies such that Sarnico is now, or will soon be, holding assets belonging to Elfra, or vice versa.

21. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

22. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant(s) held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Amended Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant(s) to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant(s), in the amount $237,222.30 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff have such other, further and different relief as the Court

4

may deem just and proper.

Dated: September 5, 2007
      New York, NY

                                  The Plaintiff,
                                  CPM CORPORATION LIMITED

                        By: /s/ Nancy *signature*
                              Nancy R. Peterson (NP 2871)
                              Patrick F. Lennon (2162)
                              LENNON, MURPHY & LENNON, LLC
                              420 Lexington Ave., Suite 300
                              New York, NY 10170
                              (212) 490-6050 – phone
                              (212) 490-6070 – fax
                              nrp@lenmur.com
                              pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   New York
County of New York   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    September 5, 2007
          New York, NY

                                            _____/s/ Nancy_____
                                            Nancy R. Peterson

**EXHIBIT 1**

# CPM CORPERATION LTD.

M/V SEA POWER / CPM - C/P DD 17.07.2006

Delivery  17/08/2006 02:30 GMT (17/08/2006 05:30 LT)
Re-dely   11/03/2007 03:25 GMT (11/03/2007 03:25 LT)

```
17/08/06 - 06/09/06
06/09/06 - 26/09/06
26/09/06 - 16/10/06
16/10/06 - 05/11/06
05/11/06 - 09/11/06       OFF-HIRE FOR REPAIRS FM 09/11/06 14:40 GMT
13/12/06 - 02/01/07       ON-HIRE FROM REPAIRS FM 13/12/06 14:40 GMT
02/01/07 - 22/01/07
22/01/07 - 11/02/07
11/02/07 - 03/03/07
03/03/07 - 11/03/07
```

```
 172.5659  DAYS  AT   USD   7,500.00                                     1,294,244.25
  (0.6424) DAYS  AT   USD   7,500.00                                        (4,818.00)
  (0.8042) DAYS  AT   USD   7,500.00  SINGAPORE 27-28/10/06                 (6,031.25)
  (3.1875) DAYS  AT   USD   7,500.00  PASSAGE PARADIP-LANSHAN              (23,906.25)
  (0.4549) DAYS  AT   USD   7,500.00  DBN ISPS CLEARANCE 30/JA              (3,411.45)
  (1.0139) DAYS  AT   USD   7,500.00  DBN NO.3 DRRK BREAKDOWN               (7,604.17)
 ---------                             LAGOS B/L ISSUE
 166.4631  DAYS                                                          1,248,473.13

COMMISSION 5%                                                   62,423.66

BUNKERS ON DELIVERY
 112.500 X USD 350.00                                                       39,375.00
  88.500 X USD 670.00                                                       59,295.00

BUNKERS ON REDELIVERY
 466.600 X USD 350.00                                          163,310.00
 136.300 X USD 670.00                                           91,321.00

BUNKER CONSUMPTION DURING OFF-HIRE:
SINGAPORE 27-28/10/06       MGO                                  3,283.00
PASSAGE PARADIP-LANSHAN     IFO                                  4,113.90
PASSAGE PARADIP-LANSHAN     MGO                                    110.55
ANCHORAGE DURBAN            MGO                                  4,698.38
DBN DRRK B.DOWN             MGO                                    670.46
LAGOS B/L ISSUE             MGO                                  1,494.47

CHRS' BUNKERS CONSUMED ON PASSAGE LANSHAN-CHENGXI-SHANGHAI:
  53.351 X USD 350.00 IFO                                       18,672.68
  50.616 X USD 670.00 MGO                                       33,912.72

ENTERTAINING/REPRESENTATION/VICTUALLING/COMMUNICATIONS                       7,213.40

BUNKER SURVEY AT JIANGYIN                                          200.00

OWNERS' ITEMS:
AQABA              EST. various   2006-8-19    3,850.00
COCHIN             EST. f.water   2006-9-14      680.00
```

```
HALDIA              EST. f.water    2006-10-12        345.50
PARADIP             EST. f.water    2006-10-21        240.42
LANSHAN             EST. f.water    2006-11-9         150.00
CHANGSHU            EST. various    2006-12-31        300.00
DURBAN              EST.                              500.00
SHANGHAI            EST.                              500.00
S.BAY               EST.                              145.00
LAGOS               EST.                              500.00
TEMA                EST.                              500.00

1.0 PCT ON OWNERS' ITEMS                               77.11

PAYMENTS ON OWNERS' ACCOUNT:        2006-8-24     238,086.32
                                    2006-9-8      142,673.76
                                    2006-9-29     143,366.67
                                    2006-10-18    143,012.53
                                    2006-12-22    104,103.43
                                    2006-12-28    143,245.47
                                    2007-1-19     143,184.87
                                    2007-2-9       42,496.78
                                                 -----------------------------
                                                  1,492,168.67   1,354,356.53

BALANCE                                                            (137,812.14)
```